Michael F. CONSIDINE, Acting Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff

v.

RELIANCE INSURANCE COMPANY, Defendant.

Re: Objections of KOT Insurance Company, POC Nos. 1941038 and 1959707.

No. 269 M.D. 2001.

Commonwealth Court of Pennsylvania.

April 28, 2011.

MEMORANDUM OPINION

OPINION BY LEADBETTER, President Judge.

KOT Insurance Company, a claimant against the Reliance Insurance Company (in Liquidation), objected to the Liquidator's notice of determination on its claims and now takes exception to the recommended decision of the referee appointed by this Court to hear the objection. KOT asserts error in the referee's conclusion that its claim was properly classified at priority level (e), as a claim under a policy of reinsurance, rather than (b), as a claim under a policy of direct insurance. Following consideration of the referee's report, the exceptions and the Liquidator's response, the exceptions are overruled, the referee's recommendation is approved and his report, attached hereto, is adopted. The Liquidator's notice of determination assigning priority (e) is affirmed.

There is no dispute that KOT is a captive insurance company created by Petroleos Mexicanos ("Pemex"), Mexico's state-owned petroleum company, for the purpose of covering the risks of its parent company. KOT insured the bulk of Pemex liability (97.5%) under a Multi–Peril Insur-

ance Package Insurance Policy. KOT and Seguros Comercial America S.A. de C.V., the insurer assuming responsibility for the remaining 2.5% of liability, ceded the risk in excess of the first $40 million pursuant to a Multi–Peril Package Reinsurance Policy. Of the subscribing reinsurers assuming various portions of the risk, Reliance Insurance Company agreed to accept 10% of the ceded risk. Pemex sustained a loss in 1999, as a result of damage incurred during a tropical depression. At the time KOT filed its claim, Reliance had entered liquidation. The Liquidator determined the priority level of the claim to be (e) and KOT does not dispute that this is the appropriate priority level for a claim on a reinsurance contract. However, KOT has consistently asserted that the reinsurance contract effectively operated as a direct insurance policy and, therefore, the claim should be assigned priority (b).

This Court assigned the dispute to a referee. During a conference, the parties agreed that, if the referee concluded that the resolution of the dispute was controlled by the prior holding of this Court in the matter of objections by SOL Insurance Limited, then discovery and an evidentiary hearing would not be needed. *See Koken v. Reliance Ins. Co. (Objections of SOL Ins. Ltd. POC 1959161)*, No. 269 M.D. 2001, Order filed April 21, 2005 (adopting the Report and Recommendation of Referee Schwartzman) ("*SOL Insurance*"). After the parties filed stipulations and exhibits, the Liquidator moved for summary judgment. In opposition, KOT asserted that *SOL Insurance* does not establish that policies like the one at issue here must be treated as reinsurance. KOT further contended that the instant policy differs from the policy in SOL in that it more clearly evidences a recognition of Pemex as the true beneficiary of the reinsurance policy. KOT insisted that a question of

material fact existed regarding the parties' intent to create a right of direct coverage for Pemex. Following briefing and oral argument, the referee concluded that the reinsurance policy contained no ambiguities, thus obviating any need to look at extrinsic evidence of the parties' intent, and that the holding in *SOL Insurance* dictated the decision here. Based on these conclusions, the referee recommended that the Court sustain the Liquidator's decision assigning priority level (e). KOT submitted the instant exceptions.

Review of *SOL Insurance* reveals no material distinction with the present dispute. Both SOL and KOT involve reinsurance written for a captive insurer and both involve claims on a reinsurance policy that by its terms makes it readily apparent that the reinsurance was a 100% pass through of the parent company's unretained risk. In arguing that the reinsurance here should be treated as direct insurance, KOT cites to *Koken v. Legion Insurance Company*, 831 A.2d 1196, 1240–41 (Pa.Cmwlth. 2003), *aff'd sub. nom. Koken v. Villanova Insurance Company*, 583 Pa. 400, 878 A.2d 51 (2005), a decision permitting a cut through to reinsurance by the direct insured, and to *Reid v. Ruffin*, 503 Pa. 458, 469 A.2d 1030 (1983), a decision applying the rule that the original insured, lacking privity with the reinsurer, can have no direct claim against the reinsurance. In pointing to these cases, KOT relies on a faulty syllogism. It does not follow that evidence demonstrating intent on the part of insurer and reinsurer sufficient to create third party beneficiary rights in the direct insured will work a transformation of the policy itself from reinsurance to direct insurance. The cases are not applicable to the very different question presented here, i.e., whether the policy against which the claim is made is a policy of reinsurance.

The referee's thorough and well written report setting forth the reasons why the policy at issue is very clearly reinsurance is adopted as attached. The exceptions to the report and the objections to the notices of determination are overruled.

### ORDER

And now, this 28th day of April 2011, upon consideration of the Report and Recommendation of the Referee, the exceptions submitted and the response thereto, the Referee's Report and Recommendation is approved and it is hereby **ORDERED** that: **the Objections** of KOT Insurance Company to the Liquidator's notices of determination (NODs) on claims numbered 1941038 and 1959707 **are OVERRULED** and **the NODs** assigning the claims to priority level (e) **are AFFIRMED.**

### APPENDIX

### IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel S. Ario, Acting Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff

V.

Reliance Insurance Company, Defendant

No. 269 M.D. 2001

POC Nos. 1941038 and 1959707

**IN THE MATTER OF OBJECTION BY KOT INSURANCE COMPANY TO NOTICES OF DETERMINATION TO PROOF OF CLAIM ("POC") NOS. 1941038 AND 1959707 REFEREE FINDINGS AND RECOMMENDATIONS**

G. Alan Bailey, Esquire, duly appointed Referee in the Matter of Objection by KOT Insurance Company to Notices of Determination to Proof of Claim Numbers 1941038 and 1959707 hereby recommends

to the Honorable Judges of the Commonwealth Court of Pennsylvania that, the Liquidator's Motion for Summary Judgment be granted, the Notices of Determination be approved and KOT's claims set at priority level (e) and in support thereof presents the following:

### BACKGROUND

1. By Order of the Commonwealth Court of Pennsylvania ("Court") dated October 3, 2001 ("Liquidation Order"), Reliance Insurance Company ("Reliance") was found to be insolvent and placed into liquidation. M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania ("Liquidator") was appointed Liquidator of Reliance.[1]

2. By Order of the Honorable James Gardner Colins dated September 9, 2002 ("Claims Filing Order"), and Order of the Honorable Bonnie Brigance Leadbetter dated December 12, 2008 ("Case Management Order") claims filing procedures, claims' filing deadlines and dispute resolution procedures for claims against Reliance were established.

3. On February 28, 2003, KOT Insurance Company (referred to herein as "Claimant" or "KOT")[2], a wholly owned subsidiary of Petroleos Mexicanos ("Pemex")[3] submitted Proof of Claim Number 1959707 (the "POC 1959707") seeking coverage for damage resulting between October 6 to October 9, 1999 from Tropical Depression 11 ("Claim 1").

4. Claim 1 was made under reinsurance policy No. 990102 (the "Reinsurance Agreement") entered between KOT and various reinsurers including Reliance, with an effective date of June 30, 1999 and extending for a period of thirty-six (36) months. Pemex was identified as the original insured under the Reinsurance Agreement.

5. In response to the POC 1959707 the Liquidator issued a Notice of Determination ("NOD 1") to Claimant, dated June 27, 2008 setting a claim priority level of (e), claims under a reinsurance contract assumed by Reliance. This NOD did not fix a claim valuation.

6. KOT filed Proof of Claim Number 1941038 (the "POC 1941038") on February 28, 2003 seeking reimbursement of claims, under the Reinsurance Agreement, of Pemex for the 1999–2000 term ("Claim 2").

7. In response to the POC 1941038, the Liquidator issued a Notice of Determination ("NOD 2") to Claimant, dated August 5, 2008 assigning a claim priority level of (e), claims under a reinsurance contract assumed by Reliance. NOD 2 established a claim valuation for Claim 2 of $2,180,472.91.

8. On August 28, 2008 Claimant timely filed an Objection to the Notices of Determination for POC 1959707 and POC 1941038 ("Objection").

9. By Order of the Honorable Bonnie Brigance Leadbetter, President Judge of the Commonwealth Court dated Septem-

---

1. Joel S. Ario was subsequently appointed by the Governor to serve as Insurance Commissioner and thereafter confirmed, and, as such, replaces Ms. Koken as the statutory Liquidator.

2. KOT was a Bermuda captive insurance company, created for the purpose of covering risks of the parent company Pemex. KOT is now domiciled in Switzerland.

3. Pemex is Mexico's state-owned oil company, the fourth largest petroleum company in the world and the sole supplier of petrol to commercial stations in Mexico. Mexican law prohibited Pemex from purchasing insurance from insurers not authorized to do business in Mexico, this limiting Pemex access to international insurance markets.

ber 22, 2009 the undersigned was appointed Referee to provide findings of fact and a recommendation to the Court regarding the issues raised by Claimant.

10. On October 5, 2009 a conference between counsel for the parties and the Referee was held. Although the parties' counsel acknowledged there may be underlying factual issue that would ultimately require discovery and a hearing, initially the fundamental issue to be resolved is whether the decision of Judge Colins approving Referee Schwartzman's recommendations pertaining to The Stop Loss Mutual Insurance Association Limited (the "SOL Case") was dispositive here. In the event the Referee ruled that the SOL Case controlled, there would be no reason to proceed further.

11. On December 1, 2009 the parties filed Stipulations of the Parties and Exhibits.

12. The Liquidator filed a Motion for Summary Judgment on December 30, 2009, followed by Claimant's Response Brief filed January 29, 2010. Oral argument before the Referee was held February 19, 2010.

### SUMMARY OF PARTIES' POSITION

13. Claimant argues that Reliance is a direct insurer of Pemex as KOT is nothing more than a captive insurer for Pemex to allow Pemex to optimize its risk management strategies through access to international insurance markets and avoid certain Mexican statutory requirements prohibiting purchase of direct insurance coverage from insurers not authorized to do business in Mexico. As such Claim 1 and Claim 2 should be assigned a priority level (b). Claimant supports its position by sug-

gesting KOT was nothing more than a front as it (KOT) retained no risk and it was Pemex, not KOT, through a cut through clause in the Reinsurance Agreement that dealt directly with the reinsurers. Alternatively, KOT contends that the Reinsurance Agreement is susceptible to different constructions, creating a question of fact sufficient to require discovery. Therefore the Liquidator's Motion for Summary Judgment must fail as there is a genuine issue of material fact.

14. The Liquidator counters that Reliance did not issue insurance policies to Pemex, but entered into reinsurance agreements with KOT, it is KOT that serves as the insurer to Pemex. As the KOT claims are under contracts of reinsurance, the well established law requires Claim 1 and Claim 2 to be set at priority level (e), claims of general creditors.

### FINDINGS OF FACT

15. The following facts are undisputed:

a. Pemex created a subsidiary insurance company, KOT, initially under the laws of Bermuda. KOT, known as a captive insurer, wrote insurance exclusively for Pemex. KOT continues as a duly licensed insurer now under the laws of Switzerland. KOT is a licensed Mexican insurance company.

b. KOT, with a second insurer Seguros Comercial America S.A. de C.V.[4], entered into a Multi–Peril Insurance Package Insurance Policy (the "Insurance Policy") Exhibit 1 to the Stipulations of the Parties. Page 1 of the Insurance Policy identifies Pemex as the Assured and Page 3 of the Insurance Policy identifies KOT and Seguros Comercial America S.A. de C.V. as the insurers.

---

**4.** Seguros Comercial America S.A. de C.V. is a Mexican domiciled insurer.

c. KOT, and the second Pemex insurer Seguros Comercial America S.A. de C.V., entered into the Reinsurance Agreement (a multi-peril package reinsurance contract) with various subscribing reinsurers including Reliance which participated at a 10.0% level. Under the Reinsurance Agreement, Pemex was expressly designated as the "Original Assured" and KOT as "Reassured".

d. Pemex's December 31, 2009 Annual report (Exhibit 4 of the Stipulations of the Parties) at page 106 states that all Pemex insurance policies are reinsured through KOT, a wholly owned subsidiary of Pemex.

e. POC 1959707 and POC 1941038 were filed under the Reinsurance Agreement. There is no dispute that the underlying claims fall within the penumbra of the Reinsurance Agreement.

f. POC 1959707 and POC 1941038 were filed by KOT, not Pemex the ultimate insured.

g. Claimant timely filed objections to the Liquidator's two NODs.

### DISCUSSION

The issue before the Referee in this Motion for Summary Judgment is whether the claims should be set at a priority level (e) general creditor claim because the claims are made under a contract of reinsurance, or a priority level (b) as the claims are made "under policies for losses wherever incurred, including third party claims. . . ." 40 P.S. § 221.44(b) [5]. Claimant contends that the Reinsurance Agreement is actually a policy of insurance, and as such, Claim 1 and Claim 2 are under policies for losses wherever incurred. KOT further suggests that, at the very least, the Reinsurance Agreement is susceptible to different constructions and capable of differing interpretations. As such, the Referee should allow discovery and the parties to present evidence. The Liquidator, citing significant authority including several other claims' determinations in this Liquidation proceeding that address the instant issue, submits that the priority level for Claim 1 and Claim 2 must be set at (e) [6] a general creditor claim as these are claims under a reinsurance contract.

Claimant does not quarrel with the Liquidator's legal analysis that claims made under a reinsurance contract are properly designated as a priority level (e) general creditor claim. Instead, Claimant suggests that the Reinsurance Agreement is a direct policy of insurance in that: KOT is a captive insurer of its parent Pemex; KOT held no risks since KOT's retention level was less than the annual premium charged Pemex, Pemex is named as the Assured in

---

**5.** 40 P.S. § 221.44(b)—All claims under policies for losses wherever incurred, including third party claims, and all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies, shall have the next priority. All claims under life insurance and annuity policies, whether for death proceeds, annuity proceeds, or investment values shall be treated as loss claims. That portion of any loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, shall not be included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations of support or by way of succession at death or as proceeds of life insurance, or as gratuities. No payment made by an employer to his employe shall be treated as a gratuity.

**6.** 40 P.S. § 221.44(e)—Claims under nonassessable policies for unearned premium or other premium refunds and claims of general creditors.

the Reinsurance Agreement; and, the Reinsurance Agreement contains a out-through clause that requires direct claim negotiation and payment to Pemex, thus there is privity between Reliance and Pemex. Unfortunately, Claimant provides no legal justification for its position.[7]

Addressing specifically the cut through clause, Exhibit 3 to the Stipulations of the Parties, the Reinsurance Agreement, page 5 does contain, at paragraph 5 a "Cut Through Clause". This paragraph allows Pemex (the Assured) to deal directly with the Reinsuring Underwriters regarding the negotiation of premiums and claims. We note however, that this Cut Through Clause states "this Policy is a Reinsurance of a Mexican Insurance Company . . ." and merely allows Pemex the latitude to negotiate claims and premiums with the various participating reinsurers. This Cut Through Clause does not change the character of the contract, it continues to be a Reinsurance Agreement between KOT and the various reinsurers, not a policy of insurance, as amplified by the language of the Cut Through Clause.

The Insurance Policy here specifically identifies Pemex as the Assured and KOT together with Seguros Comercial America S.A. de C.V. as the Insurers. The Reinsurance Agreement designates Pemex as the Original Assured with both KOT and Seguros Comercial America S.A. de C.V. as Reassureds and Reliance as one of several Subscribing Reinsurers. More significant than the designation of terms, the Insurance Policy specifically provides insurance coverages to Pemex by KOT (not Reliance). The Reinsurance Agreement, the format typical of a broker generated reinsurance treaty, allows for reimbursement of ceded claims (based upon underlying paid claims to Pemex by the Reassureds) by KOT and Seguros Comercial America S.A. de C.V. Claimant is unable to provide any rational line of reasoning to contradict the clear and plan language of these two contracts.[8] Claimant attempts to distinguish the Reinsurance Agreement from the traditional reinsurance treaty by suggesting that KOT is merely a captive insurer and thus it is Pemex, as insured, that is the true party with "insurer" Reliance. To accept Claimant's proposition, if taken to it's logical conclusion, would be to accept that KOT, a legally licensed Mexican insurance company, is nothing more than an artifice existing solely to allow Pemex to circumvent Mexican insurance laws. We reject this contention; KOT, as a legally licensed insurance company, did enter the Reinsurance Agreement as the cedent, not Pemex. KOT's representations that Mexican law requires Pemex to insure through Mexican licensed insurers seems to preclude Reliance, as a matter of Mexican law, from providing direct insurance to Pemex.

KOT stresses that the underlying Insurance Policy and the Reinsurance Agreement are not disconnected or distinct. This is of course true, as it is the custom-

---

7. Contrary to the suggestion that there is privity between Reliance and Pemex, is the fact that Claimant here is not Pemex, but Pemex's insurer KOT. Although certainly not the determinative factor, if in fact there was substantiation of Pemex–Reliance privity, why did KOT file the claim instead of Pemex. Claimant's actions seem to contradict its argument.

8. Pemex supports its interpretation by citing the Insurance Discussion section of Pemex's statutorily filed December 31, 2007 Annual Report (Exhibit 4 of the Stipulations of the Parties, at page 106). We see no support in the language of Pemex's Annual Report to suggest the agreement between KOT and Reliance is anything other than a reinsurance agreement. In fact, the Annual Report seems to support the Liquidator's position.

ary nature of reinsurance. Reinsurance is the transfer of a portion of risk of the underlying insurance policy (reinsurance is the insurance that insurance companies buy to protect themselves). The nature of a reinsurance contract requires references to the underlying insurance policy.[9] Such a "connection" between Insurance Policy and Reinsurance Agreement does not change the character and nature of the contracts.

KOT suggests that all obligations and rights under the Reinsurance Agreement are really between Pemex and the reinsurers (which includes Reliance). As such, Claimant contends that the Reinsurance Agreement does not fit the Pennsylvania Supreme Court's definition of a reinsurance contract. Therefore, as Pemex has privity under the Reinsurance Agreement, the Reinsurance Agreement is really an insurance policy. As we point out in the discussion herein, KOT is the claimant here not Pemex, Pemex and KOT signed an Insurance Agreement making KOT the insurer Pemex the insured, Pemex could not legally enter into an insurance agreement with an insurer not holding a license in Mexico, and the language of the Reinsurance Agreement unambiguously identifies KOT as the ceding insurer. The claims here arise under a contract of reinsurance.

KOT, in support of its suggestion that the Reinsurance Agreement is nothing more than an insurance policy for Pemex, cites *Koken v. Legion Ins. Co.,* 831 A.2d 1196 (Com.Ct.Pa.2002). In *Koken,* the Commonwealth Court allowed certain Legion insureds to collect directly from Legion's reinsurers in lieu of filing a policyholder claim in the Legion Liquidation. In summary, Judge Leavitt in *Koken,* determined that the policyholders who demonstrated third-party beneficiary rights in reinsurance contracts could access directly the reinsurance proceeds under facultative reinsurance contracts covering their specific insurance programs. Several obvious distinctions exist between *Koken* and the instant matter: the *Koken* claimants were policyholders (not an insurance company) entitled to a priority level (b) claim had they sought a claim in the Legion liquidation estate; the *Koken* claimants were allowed to pursue their claims outside the liquidation (i.e. directly against the reinsurers), not an issue in the pending case; the *Koken* case did not deal with the central issue here, whether a reinsurance contract can be interpreted as an insurance policy and, *Koken* was not determinative of claim priority levels, the issue here. As we noted in footnote 7, the Claimant here is KOT a duly licensed insurance company, not the insured Pemex. Even if we applied *Koken* to the instant matter, agreeing that Pemex either has privity under the Reinsurance Agreement or is a third party beneficiary to the Reinsurance Agreement, the "Pemex Claim" is still for reinsurance proceeds, a priority level (e) claim.

KOT alternatively argues that the Reinsurance Agreement cannot be fairly interpreted on its face, that to fully understand the relationship of the Parties, extrinsic evidence must be allowed. As such the Liquidator's Motion for Summary Judgment must not be granted and the Parties should be permitted to take discovery to uncover the true contractual intent. Unless ambiguous, in order to determine the intent of the parties to a contract, a court should look to the four corners of the document and its express language. *Midomo Co., Inc. v. Presbyterian Housing*

---

9. See *Reinsurance,* 1997, Strain, Editor.

*Development Co.,* 739 A.2d 180, 186 (Pa.Super.1999). See also, *Washington Hospital v. White,* 889 F.2d 1294, 1300 (3d Cir.1989). The question of whether a contract provision is ambiguous is a question of law. See *American Flint Glass Workers v. Beaumont Glass Co.,* 62 F.3d 574, 581 (3d Cir.1995). In deciding whether a contract is ambiguous, a court must determine if there are objective criteria that make the terms of the contract susceptible of different meanings. see *In re New Valley Corp.,* 89 F.3d 143, 150 (3d Cir.1996), cert. denied, 519 U.S. 1110, 117 S.Ct. 947, 136 L.Ed.2d 835 (1997). When the terms of the contract are clear and unambiguous, the intent of the parties is to be ascertained solely from the writing, as a matter of law without reference to any external testimony or other evidence. *Hutchison v. Sunbeam Coal Corp.,* 513 Pa. 192, 519 A.2d 385 at 390, 389 (1986).

In this contract dispute, the Referee must make a legal determination as to whether the Reinsurance Agreement is ambiguous. If, and only if, the Reinsurance Agreement is reasonably or fairly susceptible of different constructions or has a double meaning should parol evidence be allowed. A contract is not ambiguous if its meaning can be determined without any extrinsic evidence other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction. *Metzger v. Clifford Realty Corporation,* 327 Pa.Super. 377, 476 A.2d 1 at 5 (1984). Here, we believe the Reinsurance Agreement is clear and unambiguous rendering the admission of parol evidence improper.

We agree with the Summary Judgment Standard of Review as elucidated by both the Liquidator in his Motion for Summary Judgment: Summary Judgment and the Claimant in its Response. Summary Judgment is appropriate where the record clearly demonstrates no genuine issue of material fact and only then is the moving party is entitled to judgment as a matter of law. Pa. R. Civ. P. 1035.2 [10], *See Mannella ex. rel. Mannella v. Port Authority of Allegheny County,* 982 A.2d 130, 132 (Pa.Commw.Ct.2009). Despite Claimant's protestations to the contrary, there is no genuine issue of any material fact here.

Clearing the various ancillary legal hurdles, we focus upon the core issue: Are KOT's claims made pursuant to a policy of insurance, resulting in claims at a class (b) priority level, or are they founded upon a reinsurance agreement resulting in a claims priority level of (e). The Reinsurance Agreement on its face states that it is "Multi–Peril Package Reinsurance". In all aspects the Reinsurance Agreement operates as a contract for reinsurance. Though KOT is a captive insurance company of Pemex, Pemex is afforded no special rights under the Reinsurance Agreement. KOT's suggestion that certain rights provided Pemex in the Reinsurance Agreement create privity, even assuming that to

10. Pa. R.Civ.P. 1035.2. Motion.
    After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law.
    (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report a motion for summary judgment may be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The resolution of this motion depends in part on whether or not the words of the contract are ambiguous and open to more than one interpretation or if the plain meaning of the contract is clear on its face.

be correct, does not change the fact that the contract here is for reinsurance. There is nothing in the Reinsurance Agreement to support the contention that Reliance is anything other than a participating reinsurer of KOT.

KOT's argument that the Multi–Peril Package Reinsurance contract is anything other than a reinsurance contract must fail. In Pemex's own words, "In accordance with Mexican law, we have arranged **all of our insurance contracts with Mexican Insurance carriers.**" . . . . "All PEMEX insurance policies are in turn reinsured though Kot Insurance Company, AG, which we refer to as Kot, AG. Kot, AG is a wholly owned subsidiary company organized under the laws of Switzerland. . . . . Kot, AG, reinsures over 96.8% of its reinsurance policies with unaffiliated third party **reinsurers.**" (Emphasis added). See Pemex's statutorily filed December 31, 2007 Annual Report (Exhibit 4 of the Stipulations of the Parties, at page 106). Pemex choose to insure itself through a captive insurer, accepting the risks related thereto. The Reinsurance Agreement is designed to protect KOT against the risk it assumed.

We believe that, in all relevant aspects, these claims are analogous to those of *In the Matter of Objections to the Notice of* *Determination by SOL Insurance Limited Claim No. 1959161* ("SOL"). There Referee Schwartzman concluded that SOL's claim was properly assigned a priority level (e) in the Reliance Liquidation. Referee Schwartzman's holdings were approved by Commonwealth Court Judge James G. Colins on April 21, 2005. Claimant's argument that the SOL facts distinguish it from KOT's claim is without merit. Claim 1 and Claim 2 are made under a reinsurance treaty, by an insurance company to one of the treaties participating reinsurers—they are claims for reinsurance a priority level (e) claim. We agree with Referee Schwartzman's well reasoned recommendations and find them applicable here.[11] To recommend otherwise would be inconsistent with the *Law of the Case Doctrine* and *stare decisis.*[12]

### *CONCLUSIONS*

WHEREFORE, For the reasons set forth above, the Liquidator's Notices of Determination to Proof of Claim Numbers 1941038 and 1959707 properly assigned Claimant's Proof of Claims a claim priority level of (e) pursuant to Section 544 of the Insurance Department Act, 40 P.S. § 221.44. It is therefore recommended that the Liquidator's Motion for Summary Judgment be GRANTED, the Notices of

---

11. As referenced by the Liquidator, various other referee decisions in the Reliance Liquidation support the proposition that a claim under a reinsurance agreement is a class (e) claim. See, e.g., *Koken v. Reliance Ins. Co.; In Re Approving Recommendation of Referee Bailey re Vietnam National Reinsurance's Objection to NOD to POC* 2059470, No. 269 M.D.2001 (Pa.Commw.Ct., May 17, 2007); *Koken v. Reliance Ins. Co.,* No. 269 M.D.2001 (Pa.Commw.Ct., Dec. 8, 2005); *Koken v. Reliance Ins. Co.; In Re Approving Referee James C. Schwartzman's Recommendation Muscat Insurance Co.:* POC No. 2122512, No. 269 M.D.2001 (Pa.Commw.Ct., May 16, 2005);

*Koken v. Reliance Ins. Co.: In Re Approving Referee Curran's Recommendation regarding CPA Mutual Insurance Company's Objections to Determinations re POCs* Nos. 2101639, 2101640, 2101670, 2101678, 2101680, 2101691, and 2101711, No. 269 M.D.2001 (Pa.Commw.Ct., Apr. 21, 2005).

12. The *Law of the Case Doctrine* and *stare decisis,* promote certainty and stability. See *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326, 1331 (1995); *Mayle v. Pa. Dep't of Highways,* 479 Pa. 384, 388 A.2d 709, 720 (1978)

Determination be APPROVED and KOT's claims set at priority level (e).

